RECEIVED

2011 AUG 20 PM 8: 15

M.L. HATCHER, CLK.
U.S. BANKRUPTCY COURT
W.D. OF WA AT SEATTLE
BY_____DEP CLK.

THE HONORABLE JUDGE GARR KING

FILED
LODGED
ENTERED
RECEIVED

AUG 22 2011   JS

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                          DEPUTY

# ORIGINAL

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

No I55/ IFP App

| | |
|---|---|
| BRENDA JOYCE LITTLE, an attorney on leave, (No. 17688)<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF WASHINGTON, and, WASHINGTON STATE BAR ASSOCIATION, a state agency, SEATTLE SCHOOL DISTRICT NO 1, AND CLOVER PARK SCHOOL DISTRICT.<br><br>Defendants. | No. **11-CV-1387 JLR**<br><br>CIVIL RIGHTS COMPLAINT FOR COMPENSATORY AND PUNITIVE DAMAGES AND JURY DEMAND |



11-CV-01387-CMP

CIVIL RIGHTS COMPLAINT FOR DAMAGES AND JURY DEMAND - 1

THE HONORABLE JUDGE GARR KING

## I. STATEMENT ON JURISDICTION AND VENUE

1. This is an action under 42 U. S. C. §1983, seeking compensatory and punitive damages for the deprivation, under color of state law, of rights guaranteed by the United States Constitution and the Fourteenth Amendments to the United States Constitution, and the federal statutes §1983 and §1981.

2. The Court has jurisdiction over this action pursuant to 28 U. S. C. §§ 1331 and 1343 (a) (3).

3. Venue is proper in this District pursuant to 28 U. S. C. §1391 (b), because the defendant resides within this judicial district and all of the claims asserted by Brenda J. Little within this District.

## II. STATEMENT OF CAUSES OF ACTION

4. Defendants combined, together, collectively, and in concert to take affirmative, concrete steps to use state agencies, the courts, and other organizations, to kill by cutting off the oxygen, life blood of the Law Office of Brenda and to illegally attempt to disgorge Little from the ranks of licensed attorneys by unlawfully and dishonestly taking her law license. In order to effectuate these two goals the major and minor co-

CIVIL RIGHTS COMPLAINT FOR DAMAGES AND JURY DEMAND - 2

THE HONORABLE JUDGE GARR KING

conspirators committed fraud, fraud in the inducement, intentional misrepresentation, disparate treatment, unequal protection, ex parte discussion with hearing officer, hostile work environment, illegal search and seizure, invasion of privacy, bad faith, conversion, tortious interference racially discriminatory treatment, injurious falsehood, collusion, bribery, burglary, attempted assault, promotion of loss of business opportunities, and improper use of state and federal courts and state agencies to realize its it proscribed goals.

## III.   THE PARTIES

5.     Plaintiff Brenda J. Little is black female, and citizen of the United States who resides between Kent and Seattle, Washington. Little's official address is PO Box 702, Kent, WA 98035-0702.

6.     Defendant State of Washington c/o Attorney General address is 1325 Fourth Ave., Ste. 600 , Seattle, WA 98101-2539. Its telephone number is 206-443 9722.

7.     Defendant Washington State Bar Association status is unknown, it does not appear to be incorporated as a private non-profit, it was deemed a state agency until this status was rescinded in Senate Bill 5936

THE HONORABLE JUDGE GARR KING

based upon the Supreme Court decision in WSBA v. State of Washington, 125 Wn.2d 901 (1995) because it was considered an encroachment upon the judicial powers of the Washington Court judicial system.   WSBA is not a properly constituted adjunct of the Washington State Supreme Court.   See Motion for Declaratory Judgment.

8.   Defendant Seattle School District No. 1 is organized as a municipal corporation under the laws of the state.  Is address is 2445 Third Ave. S. Seattle, WA 98134, 206 252-0000.

9.   Defendant Clover Park School District is organized as a municipal corporation under state laws.  Its address is 10903 Gravelly Lake Drive SW, Lakewood, WA 98499, 253-583-5000.

## COUNT ONE
## CIVIL CONSPIRACY

10.   Plaintiff herein incorporates by reference and reallege each and every allegation set forth in paragraphs 1-8 above, as if set forth herein in full.

CIVIL RIGHTS COMPLAINT FOR DAMAGES AND JURY DEMAND - 4

THE HONORABLE JUDGE GARR KING

11.   The key difference civil conspiracies and civil conspiracies is that in civil law, it is necessary for an overt act to be committed in furtherance of the conspiracy Judge Learned Hand stated, "whatever may be the rule in criminal conspiracies, it is well settled that civil liability does not depend upon the confederation . . ., but upon the acts committed in realization of the common."

12.   To establish a civil conspiracy, a must prove by clear, cogent, and convincing evidence that (1) two or more people combined to accomplish an unlawful purpose or combined to accomplish a lawful purpose by unlawful means; and (2) the conspirators entered into an agreement to accomplish the conspiracy. All Star Gas, Inc. v. Bechard, 100 Wash. App. 732, 740, 998 P.2d 367 (2000).

13.   Little asserts that the State of Washington entered in to a conspiracy with its various components, the attorney general's office, the superior courts, the bar association, the office of administrative hearings, office of public instruction, OFM, Seattle School District, Clover Park School District, Ellensburg School and two Federal Judges The Honorable Thomas Zilly and the Honorable Ronald Jones to literally cut

THE HONORABLE JUDGE GARR KING

off the "air supply" clients and fair court decisions to Little and her clients while at the same time use every concert measure to deprive Little of her law license under suspect circumstance including fixing a psychological examination with Kenneth Muscatel, Ph.D. Little has filed a complaint with the health department and an investigator has been assigned to the case. The defendants' concerted and overt actions were design to kill the Law Office of Brenda J. Little and deprive of the right to practice law. The co-conspirators succeeded in killing the Law Office of Brenda J. Little but could not overreach the evidence and its investigation to take her private property.

## COUNT TWO
## FRAUD

14. Plaintiff herein incorporates by reference and reallege each and every allegation set forth in paragraphs 1-13 above, as if set forth herein in full.

15. The elements necessary to establish fraud — all of which must be shown by clear, cogent, and convincing evidence — are a representation of an existing fact; its materiality; its falsity; the speaker's knowledge of

CIVIL RIGHTS COMPLAINT FOR DAMAGES AND JURY DEMAND - 6

THE HONORABLE JUDGE GARR KING

its falsity; his intent that it shall be acted upon by the person to whom it is made; ignorance of its falsity on the part of the person to whom it is addressed; the later's reliance on the truth of the representation; his right to rely upon it; and his consequent damage. See Williams v. Joslin, 65 Wn.2d 696, 399 P.2d 308 (1965); See *Michielli v. United States Mortgage Co.,* 58 Wn.2d 221, 361 P.2d 758 (1961); *Chiles v. Kail,* 34 Wn.2d 600, 208 P.2d 1198 (1949).

16.    The Washington State Bar Association (hereinafter "WSBA") claims in its website that "The Washington Supreme Court has exclusive responsibility in Washington State to administer the lawyer discipline and disability system and to maintain appropriate standards of professional conduct. The Supreme Court delegates authority for the operation of that system to the Washington State Bar Association through the Disciplinary Board, hearing officers, and the Office of Disciplinary Counsel. Only the Supreme Court can suspend or disbar a lawyer. All lawyers admitted to practice law in Washington are subject to lawyer discipline."    WSBA knows this statement to be false. Especially, the Statement that "Only the Supreme Court can suspend or

THE HONORABLE JUDGE GARR KING

disbar a lawyer." Unless the lawyer appeals to the Supreme Court WSBA's suspension or disbarment judgment becomes conclusive, irrefutable, and final.

17. WSBA knew or should have know that it lacked the constitutional authority to operate as an Article III court, operating without a proper adjunct designation from the legislature and it purposely refused to be supervised by the Washington Supreme Court.

18. WSBA knew or should have known that six months earlier the Washington State Supreme Court issued a ruling to them and others that held that WSBA should give lawyers an opportunity to secure counsel and lawyers should not be tried in absentia. *In The Matter of Disciplinary Proceeding Against Sanai*, No. 200,578-1. Supreme Court 2009

19. WSBA knew or should have known that have attorney general involvement violated the principals of separation of powers and violated Articles I, II, & III. It knew by not informing lawyers on its website that an assistant attorney general was assigned to it half time represented a

THE HONORABLE JUDGE GARR KING

fraudulent misrepresentation of the true nature of the proceedings and charging process.  See Little Appendix A, Page No. 10.

20.    WSBA knew or should have known that Little sued two states agencies on the behalf of clients and by having attorney general involvement at the two crucial stages, the charging process, Review Committee, and the decision to disbar process, the Discipline Committee created a constitutional conflict of interest, comprised "judicial independence" and on information and belief hastened Little's disbarment proceedings and the taking of her private property by the government. *See* Little Appendix A, Page No. 10.

21.    WSBA knew or should have know that if Little had been informed of the attorney general involvement she would have filed a motion similar to the instant motion for declaration judgment.

22.    WSBA's Joanne Ableson knew that the decision was to disbar Little from the onset but she went on to imply that the Disciplinary Committee was consideration suspension therefore inducing Little to withdraw her first petition for disability.  *See* Note that Joanne Ableson Insisted Little Write: supreme court and bar files.

THE HONORABLE JUDGE GARR KING

23. WSBA committed fraud when it allowed an opposing counsel in the Runkel case to sit it on the discussions to disbar when it knew that disbarring Little would be a positive outcome from for his client, the Lake Washington School District.

24. WSBA's Discipline Committee committed fraud when it allegedly read the transcript of the hearing and did not order a new hearing based upon the following strong-armed pressure placed on Hearing Officer Donald Allen by two members of the executive branch:

| | |
|---|---|
| HEARING OFFICER | "If I am to find that Ms. Little violated the RPCs, in my mind there's an issue of proportionality… why disbarment in this particular case vs. a suspension." |
| MR. BEITEL | After thirteen lines discuss, Now in terms of proportionality, I think the question may be we have a single instance of conversion, but we have certainly cited Schemer, which was a case where there is a single instance of conversion." |
| HEARING OFFICER: | Is there any concern about the factual statements made by Ms. Little in he pleadings and to the investigators with regard to truthfulness? |
| PAUL LUVERA | In generalities, this is a woman who has practiced law for 21 years. She was five years with the |

THE HONORABLE JUDGE GARR KING

> Attorney General's Office. Two of those years was, she spent in the child protection section, and Then 14 years she was the staff counsel for I the school, Seattle School System, representing a hundred principals and a number of grade schools, and quit after 14 years because she said they had passed her over for promotion because of gender bias. A male got appointed instead of her so she quit. She then went into private practice, specializing in school matters, employment matters, discrimination matters. So lawyer, who is not inexperienced who is It frightens me because we as a profession get to police ourselves, and if we don't do a good job of policing ourselves then we have failed both the public and the profession and it will be taken away from us. Whether disbarment is he right remedy, I'm leaving that to the Bar Association to comment on.

*See* (R 64-65)(WSBA's. Absentia Hearing Transcript.)

25.   Beitel and Luvera knew that the grievant had been transferred from one kitchen to another for theft of funds, lying about the theft of funds, and calling her Asian supervisor racist names.  Both Beitel and Luvera spoke with Sharon Howard, Human Resources Director and she reveal this grievant's background.   Luvera and Beitel fraudulently concealed this information from the hearing officer and then strong-armed him into disbarring Little when the case they presented was

CIVIL RIGHTS COMPLAINT FOR DAMAGES AND JURY DEMAND - 11

THE HONORABLE JUDGE GARR KING

unimpeded by an defense. Luvera and Beitel never did answer the hearing officer's question, which if he were truly independent should have raised a red flag.   See *Thomas, Administrator, United States Environmental Protection Agency Union Carbide Agricultural Products Co. et al*, 473 U.S. 568 (1985); *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458. U.S. (1982).

## COUNT THREE
## BURGLARY

26.    Plaintiff herein incorporates by reference and realleges each and every allegation set forth in paragraphs 1-125 above, as if set forth herein in full.

27.    A person is guilty of burglary in the second degree if, with intent to commit a crime against a person or property therein, he enters or remains unlawfully in a building other than a vehicle or a dwelling.

28.    Twice in the same month did Little go out to her black Honda to discover some had broken into her car.   But this ordinary break in whoever broke into her car took everything out of glove box and console and stacked it into neat stacks onto the passenger seat.   The

stacks were neat and orderly. Little jumped out of car, ran into her house and got her husband. He said what she thought, this wasn't the work of teenagers someone wanted to let you know that they had access to your car.

29. Little was so afraid that she asked him to start her car. He started the car standing with most of his body outside of the car. Obviously, the car did not blow up. Little then asked him to check from tracking devices. He said one could be anywhere so it would be useless to track. Little's mind immediately came to Seattle School District. Its internal investigator used to brag about how he was on a Special Forces team for the FBI and did some CIA work. Eddie Hill struck me as someone who would do this and would be smiling while doing it.

30. During this time period, Little had two real acrimonious cases, one against the Seattle School District and one against the Seattle Symphony. These defendants were "personally" affronted that Little would sue them. Paula Lehman Davis Wright Tremaine said "oh you won't last." Not did only did Little last for three years three against one toe to toe Davis Wright had enlist the aide of WSBA.

CIVIL RIGHTS COMPLAINT FOR DAMAGES AND JURY DEMAND - 13

THE HONORABLE JUDGE GARR KING

31.   Little went on with life and about three weeks later it occurred again everything out of the glove box stacked neatly on the front seat. Same routine Little had to go into the house to get her husband to start the car.   The most frightening thing about this was that Little had recently moved into the Leschi neighborhood and took great pains to conceal her home address specifically from WSBA.  WSBA emitted the type of energy alerted a person tuned into those things too be aware.

32.   Little started to become concerned but not too concerned she did not alter her law firm's focus.  People who came to her pretty much said the same thing; other lawyers would not take a case for fear of "being crushed."   Little now knows what they meant she had to live in her car for 40 days, gone hungry asked to black men professional for help her because she was hungry, Judge LeRoy McCullough had his whatever call back to say, "Judge McCullough wants to know exactly what you want." Little sent Ronald Ward former WSBA president first and only black man on the governing an email.  He never responded.  Little was asking for food.

CIVIL RIGHTS COMPLAINT FOR DAMAGES AND JURY DEMAND - 14

THE HONORABLE JUDGE GARR KING

# COUNT THREE
# ATTEMPTED ASSAULT

33.    Plaintiff herein incorporates by reference and reallege each and every allegation set forth in paragraphs 1-32 above, as if set forth herein in full.

34.    A person is guilty of assault in the [unknown] degree if he or she, under circumstances not amounting to assault in the first degree: (a) Intentionally assaults another and thereby recklessly inflicts substantial bodily harm; or (f) Knowingly inflicts bodily harm which by design causes such pain or agony as to be the equivalent of that produced by torture ...

35.    Little believes that the Board has just voted to disbar her but she was going into the office daily to assist clients.  Little rode the same bus home every night; it usually put her into Kent around 10:00 pm or shortly thereafter. One day Little got off the bus.  She noticed a white pudgy man following her. She crossed in the middle to the street stopping traffic he did the same. Little kept looking back but he still kept following her.  The faster Little walked the faster this man walked.

CIVIL RIGHTS COMPLAINT FOR DAMAGES AND JURY DEMAND - 15

THE HONORABLE JUDGE GARR KING

Little said to herself that she was not going to down without a fight. Little stopped threw down her belongings.  She started walking briskly toward this man yelling, "Bring It".  He stopped looked at her. He looked around.  He appeared to be stunned.  He then turned around and ran back across the street.

36.    A week or so later the same thing happened except different white man. He had dark greasy hair, thin, with a moustache and mean eyes. Little did the same thing she crossed the street twice and then started to walk home.  He kept following her.  Little became enraged.  She threw her belongings down again. This time she walked faster toward this man, yelling "Bring It", she had had enough.  He stopped looked into her eyes, stood there longer, and then he ran into a nearby alley.  Little picked up her belongings running home looking back the whole time. She realized then the first time was not a random attacked.  Little ran home and literally did not leave out of it for nearly a year.  She was made sure she was never alone after those experiences.

THE HONORABLE JUDGE GARR KING

# COUNT FOUR
# TORTIOUS INTERFERENCE

37.    Plaintiff herein incorporates by reference and reallege each and every allegation set forth in paragraphs 1-35 above, as if set forth herein in full.

38.    Intentional and unjustified third-party interference with valid contractual relations or business expectancies constitutes a tort, with its taproot embedded in early decisions of the courts of England, e.g.: *Keeble v. Hickeringill*, 11 East 574, 11 Mod. 74, 130, 3 Salk 9, 103 Eng. Rep. 1127 (1809); *Lumley v. Gye*, 2 El. & Bl. 216, 118 Eng. Rep. 749 (1853); *Bowen v. Hall*, 6 Q.B.D. 333, 50 L.J.Q.B. 305 (1881); *Temperton v. Russell*, 1 Q.B. 715, 62 L.J.Q.B. 412 (1893); South Wales Miners' Federation v. Glamorgan Coal Co., A.C. 239, 74 L.J.K.B. 525 (1905). *See Calbom v. Knudtzon*, 65 Wn.2d 157 (1964).

39.    *Clover Park, Three Court of Appeals Division II Judges & WSBA, Judge Vicki Hogan and Judge Kathryn Nelson* : These public and private entity conspired to tortuously interfered with Little's contractual relation with Mack Litton.  Mr. Litton retained Little to sue Clover Park School

CIVIL RIGHTS COMPLAINT FOR DAMAGES AND JURY DEMAND - 17

THE HONORABLE JUDGE GARR KING

District for racial discrimination and harassment. Little had Litton collect letters from the assistant principle and other staff members at Clover Park High School as well as a letter from his direct supervisor. The totality of these letters proved that Mr. Litton was one the districts best workers.    Mr. Litton was transferred to an elementary school because the school bully had continuously bullied his sons. Mr. Litton had reported this harassment to school officials but the harassment did not stop.  Mr. Litton began picking up his sons from school.  On the day in question, Mr. Litton drove into the parking lot and saw his son surround by these thugs.  He ran up to the group and the leader made a menacing toward Mr. Litton.  Mr. Litton told them in a vernacular that they understood and respected . Mr. Mr. Litton said that if they "did not get the f--k away from him and his son they would regret it."  This bully was a big time athletic in a small time venue.  He didn't even last a year in at Eastern Washington University.  His father demanded Mr. Litton head.  Mr. Litton was transferred to Clarkmore Elementary School.  The principal had Mr. Litton call her "Miss Molly."  From day one, Miss Molly started riding Mr. Litton.

CIVIL RIGHTS COMPLAINT FOR DAMAGES AND JURY DEMAND - 18

THE HONORABLE JUDGE GARR KING

him.   He sent the U.S. Marshalls to arrest Little but they couldn't in good conscious do it.

53.    The upshot.  Judge Zilly has continued this matter four times and the plaintiffs are in a worse spot than they were when Little managed their case. Under no circumstances would Little want anything to do with Chalice Stallworth, Jacque Johnson, Mark Della, or Audrey Weaver but Little would like to be able to approach the remaining unrepresented plaintiffs pick up the mantel.   The last trial was scheduled for October 2011 but he continued it.   Why?   His co-conspirators Harvard Law School, J.D. cum laude Peter Maier and co-conspirator Michael DeBell and co-conspirator by his silence Harium Martin-Morris, the token black on the board are running for re-election in November a publicized trial in October would dampen their already dismissal chances of winning.   These guys are no role models for children.

54.    These three board members were on duty when an employee stole 1.8 million dollars from the school district.

CIVIL RIGHTS COMPLAINT FOR DAMAGES AND JURY DEMAND - 27

THE HONORABLE JUDGE GARR KING

40.   Miss Molly refused to allow Mr. Litton to travel to Louisiana to help his father bury his wife, Mr. Litton step-mother whom he loved. Miss Molly wrote him because he was a few minutes from visiting his wife in the hospital.  The doctor had to call human resources to let them know how important Mr. Litton was to his wife's recovery.

41.   One day Mr. Litton's Pilipino supervisor said to Mr. Litton, "Miss Molly says you are just another worthless nigger."   Mr. Litton confronted Miss Molly. She started crying.  In the day or so, Mr. Litton reported to work.  This big black man stood in his way in front of the school. Parents and children were still in the courtyard.   He told Mr. Litton he was fired and told Mr. Litton to give him his keys and Miss Molly's home number she had written on a card for Mr. Litton.   Mr. Litton looked up for a split second and Miss Molly was in the window with other teachers pointing her finger laughing at Mr. Litton.

42.   Clover Park School District played games from the beginning.  The parties were supposed to have a mediation conference except Clover Park School District did not inform Mr. Litton it was being held at the juvenile hall.  Mr. Litton and Little walked all the Superior Court

CIVIL RIGHTS COMPLAINT FOR DAMAGES AND JURY DEMAND - 19

THE HONORABLE JUDGE GARR KING

building asking everyone where they would find the room number. No one knew. Finally they stopped a judge, he did not know either but he said who is the judge. Little said Judge Kathryn Nelson. The judge said well she is on the juvenile rotation. "I don't know why she would be handling a settlement conference."

43. They called but were told they were to late. This started a litany of contempt orders by Judge Kathryn Nelson. She must have issued at least four contempt orders to Little starting with not appearing at the settlement conference. Clover Park School District moved for summary judgment after the time period expired. Judge Vicki Hogan manipulated the law. Clover Park School District got its summary judgment. Little received a note for calendar that Judge Kathryn Nelson had scheduled another show cause hearing for contempt. Little had a restless night awoke early and headed to Tacoma Juvenile Hall. When she arrived it was still dark. The judge's courtroom was dark as well. Little realized she had been tricked. She calmly called Andrew Saller, Clover Park School District's attorney of record. Mr. Saller's secretary

THE HONORABLE JUDGE GARR KING

said you all have a motion for summary judgment in Judge Hogan's courtroom.

44.    Little sped over to superior court.  Mr. Saller became noticeably agitated.  When Judge Hogan walked out of chambers she actually walked back in part ways.  She doesn't have a poker face.  Little was last. The first thing Ms. Little said is "why are we here."  That statement did not show up in transcript. Little did not have her files but Judge Hogan said the parties were proceeding nonetheless.  Reviewing the transcript, Little did a pretty decent job she kept hammering at the fact that she had 20 statements regarding Mr. Litton's superior performance and the only evidence Clover Park School District had was a denial from Ms. Molly and her assertion that Mr. Litton was a bad employee who deserved termination for his poor job performance.   Clover Park School District was granted its motion for summary judgment.   To Judge Hogan's credit, she would not strike the 20 statements; she ruled they were business records.  She essentially punted to the Court of Appeals. The Court of Appeals had a letter from Litton's supervisor saying that

THE HONORABLE JUDGE GARR KING

he was the best worker and he left Litton in charge when he had absences. The judges ignored this letter.

45.    Little filed for an appeal.   First the Court of Appeals sent her a letter stating that the Court would not allow Mr. Litton his ten minutes of oral arguments. Then it waited for 2 years to release a poorly written four-page decision denying Mr. Litton's appeal.   During this two-year period, Little kept telling her client that if her gut instincts are correct the Court would issue its opinion during the same week as her impending disbarment.  Little was wrong.  The Court of Appeals issued its opinion the same week Little was issued a show cause order for summary suspension.  Little never really believed that it would get this far, no investigation, no counsel, no opportunity to be heard, tried in absentia but yet and still the supreme court was going to suspend her and not the attorneys from the bar.

46.    While Little hurriedly threw something together so she could at least preserve Mr. Litton's right to appeal; the appeal period expired. Little sank deeper and deeper and deeper into her own private hell during years, 2006-2010.    Notable philosophers discussed the state of

THE HONORABLE JUDGE GARR KING

nature where an individual exists only in a world of rights only. Little was there. Little remembers receiving the notice from WSBA that it was retaining Paul Luvera to prosecute her. Little read that letter and the next thing she remembers was being two blocks from her office. Fight or flight. As she walked back to her office, Little made a promise to herself she would fight using any means necessary to defend herself against the coercive power of the Washington State government.

47. Little promised Mr. Litton that he would get justice. Little is going to continue fight until he gets his jury trial or a settlement commiserates to his injury. There is no middle ground not until the United Supreme Court says "no". Little no longer cares whether these people stay or go her focus is on her promise to Mr. Litton. Little never again wants to hear that she cannot ligate in a public courthouse.

48. Toward the end, Mr. Saller was pretty cocky. He kept telling Little the bar said this and the bar said that. He was clearly working with Beitel, he mentioned him by name. Little is going to request that Mr. Litton gets his opportunity to be heard in front of a jury.

THE HONORABLE JUDGE GARR KING

49.   *Seattle Symphony, WSBA, and Judge Catherine Shaffer:*   After a three-year battle that took Little to federal court and back fighting for the rights of a disabled violinist, Peter Kaman, Judge Shaffer, WSBA, and Paula Lehman and a male attorney tortuously conspired to interfere with her contractual relationship with Mr. Kaman.   Mr. Kaman had approximately 15 declarations from other orchestra members that did not particularly like his idiosyncrasies.

50.   Judge Shaffer granted the Symphony its motion for summary judgment.   She called the "declarations as little notes from your friends." That was within Judge Shaffer's discretion to do so but it was at the end of this long process that she disengaged from the process.   Judge Shaffer started issuing rulings without any underlying motions from the Symphony.   The Symphony disengaged from the process as well.   Both parties are mandated by court rule to complete the Joint Trial Statement.    Little could not get Paula Lehman to participate in completing the Symphony's portion of the Joint Trial Statement. Little completed her client's section and filed it as proof that the Symphony knew the outcome of the second motion for summary judgment or

THE HONORABLE JUDGE GARR KING

otherwise they would have completed their portion of joint trial statement.   That had been worked out with Judge Shaffer.  She granted the Symphony its second motion for summary judgment.   Boy, the Symphony would have been in dire straights with no witnesses or evidence for trial.

51.   Bruce Heller represented Symphony's players union for many years. Mr. Heller worked with Little and promised he would be a witness for Mr. Kaman.  A month before trial Mr. Heller called and said he had been appointed as a King County superior court judge.  Judge Heller would be unavailable as a witness.  The state has many weapons.

52.   *The State of Washington, Seattle School District, Honorable Judge Zilly & Office of Administrative Hearings*:   These entities tortuously interfered with Little's contractual relationship.  This is how it worked in this particular instance.   Little was working for Ellensburg School District for a special education hearing.   Administrative law judge Mathew Wacker was told by Janice Shave to schedule as many prehearing conferences with Little as possible.  Shave told him to make them long and he was always to give her some kind of written

THE HONORABLE JUDGE GARR KING

assignment at the end.  At the same time, Seattle School District had scheduled depositions, and Judge Zilly was bearing down with show cause orders.  Triage.  This Court has probably done its share of special education appeals so it will be able to appreciate that fact that Wacker scheduled 13 pre-hearing conference each lasting no less than 3 hours.  In a non-conspiratorial setting parties are lucky to get 2 pre-hearing conferences.   These conferences went on and on even when Little politely told him that she had depositions scheduled.  Presumably he had deposition schedule.  Little missed two or three depositions. Judge Zilly pulled up the rear asked Little to take a time management course, respond to this or that.  Finally when they had Little where they wanted her, Judge Zilly took her off the case leaving 9 plaintiffs ticked off.  Little tried to sever the most substantial cases off from the bulk. Judge Zilly told them if they filed any more motions to dismiss he would dismiss their cases with prejudice.  Judge Zilly wrote a damning order published it on the Internet.  Little lost business as a result of this publication. Little believes that Judge Zilly has racial animus against both blacks and women in general put them together and a lawyer is in trouble with

CIVIL RIGHTS COMPLAINT FOR DAMAGES AND JURY DEMAND - 26

THE HONORABLE JUDGE GARR KING

55.   Brian Sonntag literally changed the nature of the Washington State Auditor's Office.   Mr. Sonntag actually audits and expects for public institutions to be responsible stewards of public funds.   This is what he said about the Seattle School District co-conspirators:

56.   "Our audit found the School Board and executive management must improve oversight of District operations. We noted several instances in which public assets were misappropriated or susceptible to misappropriation due to lack of effective policies, management's failure to enforce existing policies and/or inadequately trained staff. The Board and District management are not as familiar with state and federal law on school district operations and on the use of grant funds as the public would expect."

57.   "The Board and District management are not as familiar with state and federal law on school district operations and on the use of grant funds as the public would expect.  As a result, the District exposes itself to greater risk of loss of federal funds and increases the risk for non-compliance with laws and regulations."

THE HONORABLE JUDGE GARR KING

58.   "In all areas that we audited, we found the District did not comply with state laws and regulations and its own policies and procedures. These conditions were significant enough to report as findings" [in part]

59.   "To date, the District has identified 83 employees who have been overpaid.   These individual overpayments range from $175 to $40,000 since the conversion to the new payroll system. Total overpayment 83 $228,860, uncollected balance   $187,437 Also, the District believes additional overpayments of at least $105,080 were made to at least 61 other employees." *See* Washington State Auditor's Office Accountability Audit Report Seattle School District No. 1 King County Report Date June 21, 2010   Report No.   1003871   audit   reports/auditreportfiles http://www.sao.wa.gov//ar1003871.pdf.

60.   The cases that Judge Zilly removed Little from involved the rights of black school employees.   These were the most significant of the nine cases:   *Sandra Bosley v. Seattle School District,* Ms. Bosley has two masters degrees, teaching French and Spanish, Language Arts.   Seattle School District has an agreement with University of Washington's Danforth Program for Administrators.   At the time, Ms. Bosley

THE HONORABLE JUDGE GARR KING

completed the program, Seattle School District had an agreement with its teachers that anyone who completed the Danforth would be guaranteed a position as assistant principal and/or principal.  Ms. Bosley completed the program with honors; she was the only black in her cohort and the only district employee who did not get a principal's position.  Seattle School District comes up with a litany of reasons for their denial.  But two of the most respect administrators who happen to be white wrote this about her.

61.    "I am writing a letter of recommendation for Sandra Bosley. This year Bosley worked in a leadership role as House Administrator at McClure Middle School in Seattle Washington.  Ms. Bosley also works effectively with staff and parents.  She listens well and asks for support when needed.  She demonstrates good judgment and effective time management.  She is well organized and demonstrates good follow up in working with students.  She keeps detailed records and provided good communication with students and parents when dealing with discipline issues.    Ms. Bosley worked well with the Administrative Team and used creative problem solving when working on issues

CIVIL RIGHTS COMPLAINT FOR DAMAGES AND JURY DEMAND - 30

THE HONORABLE JUDGE GARR KING

assigned to her.   I support her in her leadership goal and would recommend her highly. Please contact me if you need any further information.  Kathy Bledsoe, Principal."

62.   "It is with both pleasure and confidence that I recommend Sandra Bosley for an Administrative position. I have known Sandra over eight years and I have worked directly with her for two of this job. She oversees our athletic program; our Arts Infusion program; and a host of other program and activities that have contributed positively to McClure Middle School.   Sandra is very intelligent and extremely committed. If given the opportunity I would hire Sandra as an assistant principal based on her demonstrated abilities and her capability to maintain a professional standard of conduct at all times. Sandra has demonstrated her leadership skills throughout the time that I have known her. She coordinates several programs including our athletic program through which she has demonstrated superb organizational skills, and attention to detail. have found Sandra to be a very unselfish person, her commitment  is to the building and the administrative team in order to make our school the best possible place for students to grow and be

THE HONORABLE JUDGE GARR KING

successful. She is and al ways has been open to feedback and learns quickly. Sandra has shown the resourcefulness, energy and the dedication necessary to become a true leader. Combining her dedication. energy, and true enthusiasm for students, Sandra will be a quality administrator in any building. In summary, I recommend her without reservation as she seeks an administrative position and ask that you give her application your most serious consideration. Sarah Pruitt."

63. *Moody v. Seattle School District,* Mr. Moody was an instructional assistant who almost had 20 years. Seattle School District did not to pay him the money he earned by working his way up the grades so that they constructed a story that he had an illicit affair with a high schooler, called him a child abuser without cause or proof. The State of Washington gave him unemployment benefits because they couldn't believe the story either. Mr. Moody is barely surviving. He found other employment but Seattle School District sent a letter saying he was a child abuser they fired him.

THE HONORABLE JUDGE GARR KING

64.  *Perkins v. Seattle School District*, Mr. Perkins was in custodial services, he had nearly twenty years.  Seattle School District fired him because he had to have a hip replacement.

65.  None of these individuals are represented after Judge Zilly removed Little without notice to them and when they object he threatened to dismiss their complaints with prejudice.  He and his Seattle School District co-conspirators succeed against removing Little for these just cases, they just couldn't get her license, although they tried hard but she fought back.

66.  Little saw what was happening but was helpless nobody would stick their necks out to help her.  Chief Judge Lasnik was pretty sensitive in his show cause request and his reprimand.  No one ever asked why Little appeared in his courtroom.  He was not completely forthright but he made a huge effort to hit the mark.

67.  *WSBA, Mathew Wacker, Cynthia Minter, Seattle School District:* These individuals conspired to tortuously interfered with Little's contractual relationship with two special education families.  Both families are furious with Little.  Seattle School District and Larry

THE HONORABLE JUDGE GARR KING

Ransom, Karr Tuttle came with a scheme to remove Little from two special education cases which she had already put a lot of time in.

68.    Ransom convinced these three administrator officers that they could disqualify Little from these two special education cases.  These lawyers constructed a theory that Little could not handle these cases because of lawyer-client privilege. Little presented three arguments to Wacker, Shave, and Minter.

69.    First Little argued that Seattle School District only cited to cases involving state law.  She argued that the cases arose under the *Individual With Disabilities Education Act*, 20 U.S.C 1400 et. al.,   therefore ,the administrative officers should use the federal standard for attorney-client privilege.  She provided Ninth Circuit law. [The Court was] "not persuaded by this argument. All three cases cited by appellees in support of it were decided under state law, and thus their holdings are distinguishable from cases such as this one in which federal law must be applied." *Weil v. Investment Indicators, Research & Management, Inc.,* 647 F. 2d 18 (1981).  She explained under the Act parents and disable children have a statutory right to choose the advocate of their choice

even if that advocate is the child's parent.   See *Winkleman v. Parma City School District*, ___U.S.___ (2007).

70.    Next, Little argued a jurisdictional question that rose under the United States Constitution, Article III §§ 1&2.  She quoted extensively from *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U. S. 50 (1982) and *Crowell v. Benson*, 285 U. S. 22, 50 (1932).   The Act itself limits the jurisdiction of the administrative officer.   "In general Subject to clause (ii), a decision made by a hearing officer shall be made on substantive grounds based on a determination of whether the child received a free appropriate public education. See IDEA, 20 U.S. C. at 1415f(E)(i)."

71.   Seattle School District used a general all-purpose clause in the state administrative procedures act, which allows administrative officers to hear motions.   Little argued that the provision applied to state administrative proceedings and IDEA administrative officers were strictly limited to the subject matter in the federal statute, i.e. *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U. S. 50 (1982) and *Crowell v. Benson*, 285 U. S. 22, 50 (1932).

CIVIL RIGHTS COMPLAINT FOR DAMAGES AND JURY DEMAND - 35

THE HONORABLE JUDGE GARR KING

72.     Shave who refers to herself as the "Court" in special education proceedings, Wacker who did not know a whole lot about special education law, and Minter who unilaterally sent a order, which gave Little three days to respond to it disqualified her after she raised the subject of the government taking her private property.

73.     The four parents are still angry at Little for making their child's special needs hearing an unseemly three ring circus.  Larry Ransom noted in a letter to Cynthia Minter that Little did not sue after he pulled this stunt the first time.  Little is suing now.

74.     While Little was researching an issue for another client she found a case in which Larry Ransom, Karr Tuttle represent plaintiff, Glenda Williams in the case in which he provided the Seattle School District extensive advice.  Larry Ransom is a white male and was definitely conflicted out for his advice-giving role to the then superintendent.

75.     Seattle School District and the Office of Administrative Hearings tortuously interfered with Little's contract relationship with her clients the Seattle School District by and though its agents, Steve Sundquist and Peter Maier treated Little unequally on the basis of her race.

THE HONORABLE JUDGE GARR KING

76.   Little filed a bar complaint it was promptly denied in one day without investigation.

77.   *The Attorney General, WSBA, Seattle Central Community College Administrative Officers, and Judge Mary Yui:* A sixteen year old white head start student went into a parking garage to experiment with pot for the first time.   She never got to inhale hearing officers surprised them and "arrested" them.   The older more streetwise kids dumped the pot in this sixteen years old book bag.

78.   This sixteen-year-old honors 4.0 student was hysterical.   She begged them to allow her to call her mother.   Campus security told after she wrote a statement at one point telling her what to put into the statement.   There was a line with more text attached to it.   This sixteen year old was a volunteer in a nursing home, played sports, junior symphony.   She was squeaky clean until this one episode.   Her mother admitted that if she had wanted to experiment she had vast woods to play in on Bainbridge Island.   This student left her home every morning at 4:00am to catch a ferry to attend Seattle Central because she wanted to experience diversity all colors all types of individuals.   Her mother's

THE HONORABLE JUDGE GARR KING

Texas accent was thick.  Little had a declaration from the former dean of students.  She said she had never in her lengthy tenure in that position expelled anyone under these facts.

79..   Little also asked for this dean of students' discipline records. Little's suspicions were correct.  She expelled white students but not black students.   In fact, she portrayed herself as an unrepentant racist. Little's major argument was this student would lose a $50, 000 free ride scholar if she were to be expelled.  Little begged this kid to get a white attorney she slept on it but said no.  The sixteen year lost she was expelled and lost the $50,000 scholarship.

80.   Little appealed. None other than Judge Bruce Heller was assigned to the case.  It was more acrimonious than normal.  How could baby boomers be so judgmental?   The majority of the hearing panel was nearly all black many from the South.  White employees walked softly around these four black women.  Little appreciates their wounds caused by overt racism she understands even more so now but to beat up a child no matter color what was indefensible to Little.

THE HONORABLE JUDGE GARR KING

81.    Little went to work on Judge Heller he had a girl only slightly younger.  Eventually Judge Heller was gone.  Good for him.  In his place was Judge Mary Yui. She was the designated dream buster.  She did her job coldly and efficiently. Her decision took $50, 000 away from this child trying to grapple with adult issues.  Little challenges all of these adults to swear under oath they never tried pot.  In the hearing, Little argued that President Obama had admitted to using much harder drugs.  And the Nation forgave him. Equity. The hearing officer objected told Little to stop.  Little left this ordeal with the concrete belief that racism was repugnant no matter of who was wielding the sword of discrimination.

82.    This is the same attorney general's office that sat in Little's review hearing and final decision meeting at WSBA to disbar her. The dots are easy to connect.

THE HONORABLE JUDGE GARR KING

# COUNT FIVE
## UNFAIR AND DECEPTIVE ACTS OR PRACTICE

83.    Plaintiff herein incorporates by reference and reallege each and every allegation set forth in paragraphs 1-82 above, as if set forth herein in full

84.    To prevail in a private action brought under the Consumer Protection Act, RCW 19.86.090, the plaintiff must establish that: (1) the defendant has engaged in an unfair or deceptive act or practice, (2) in trade or commerce, (3) that impacts the public interest, (4) the plaintiff has suffered injury in his or her business or property, and (5) a causal link exists between the unfair or deceptive act and the injury suffered. Kallevig, 114 Wash.2d at 920-21, 792 P.2d 520; Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wash.2d 778, 784-85, 719 P.2d 531 (1986).

85.    Little relies upon on the facts delineated in Count Four.

THE HONORABLE JUDGE GARR KING

# COUNT SIX
# BREACH OF FIDUCIARY DUTY AND CONTRACT

86.   Plaintiff herein incorporates by reference and reallege each and every allegation set forth in paragraphs 1-85 above, as if set forth herein in full.

87.   WSBA created a fiduciary relationship therefore a fiduciary when it made membership in its organization mandatory.  See RCW 2.48. et al. The Bar Act).  It created a whole set of duties owed to it by Little. Ordinary contract law demands that there must be consideration in order for a contractual relationship to occur.  If there is no consideration then the government stepped into the sphere of tyranny.  Simply put, there must be some sort of consideration for the loss of Little's First Amendment Right of Freedom of Association. It is a fundamental right. Lawyers do not lose their constitutional rights at their swearing in ceremony.  See *Goss v. Lopez,* 419 U.S. 565 (1975)(Those young people do not "shed their constitutional rights" at the schoolhouse door ...). "In the domain of these indispensable liberties, whether of speech, press, or

CIVIL RIGHTS COMPLAINT FOR DAMAGES AND JURY DEMAND - 41

THE HONORABLE JUDGE GARR KING

(association, the decisions of this Court recognize that abridgment of such rights, even though unintended, may inevitably follow from varied forms of governmental action," like mandatory membership in the bar. See *NAACP v. Alabama ex rel. Patterson*, 357 US 449,460 (1958).

88.    Here Washington State was not obligated to create a mandatory bar association but once it made it "mandatory" it created a duty owed to Little, a fiduciary duty.    Attorneys may have a fiduciary duty to nonplaintiff and in order to establish this fiduciary duty with Little.

89.    Under a six-part test, the Court must look to  "The extent to which the transaction was intended to affect the plaintiff."  See *Trask v. Butler*, 123 Wn.2d 835 (1994). WSBA knew or should have known that impermissibly confiscating Little's law license would be a virtual death sentence.   Confiscating her license would leave her unable to pay professional and personal debts, without any apparent means to support herself, and the loss of future job prospects.  The loss of self-esteem and the support of a community she lived in for many years. WSBA knew the emotional toil and stress she would have live under. WSBA knew exactly what it was doing. See *Trask*, 123 Wn.2d at 840.

THE HONORABLE JUDGE GARR KING

89.    Second, "The foreseeability of harm to the plaintiff."    See paragraph 72.

90.    Third, "The degree of certainty that the plaintiff suffered injury." Living in a car for 40 days speaks to degree certainty that harm occurred. Little lost everything including family keepsakes.

91.    Fourth, "The closeness of the connection between the defendant's conduct and the injury".  Before the State's unwelcomed intrusion into her life, Little was pretty much happy in spite of the bad choices she made in spouses. See Cowan and Kinder, Smart Women, Foolish Choices, New York, N.Y.: C.N. Potter : Distributed by Crown Publishers, c1985.[1]

92.    Fifth, "The policy of preventing future harm."    See Motion for Declaratory Judgment.

---

[1]  Review by Connell Cowan:. ... I know many very smart women. They seem to have it all together... But wait!!!! Then you discover their flaw....When it comes to men, they make some really bad choices. We all make stupid decisions when it comes to men at times, but these women repeat the same stupid choices over and over again. My definition of insanity is making the same mistake over and over and expecting different results. ..."

THE HONORABLE JUDGE GARR KING

93.   Sixth,  "The extent to which the profession would be unduly burdened by a finding of liability. Lawyers should also be required to operate under the dictates of fairness and equal justice under the law."

94.   Little believes at a minimum that the State owed her in consideration a reasonable investigation of the false charges lodged against her, fair treatment and respect, no discriminatory treatment, a properly constituted adjunct tribunal, or an Article III court, a jury trial or at least the opportunity to waive the right, dignity and decorum in the processing of the false allegations, safeguards that do not allow the executive branch to coerce the judicial officer into a particular decision, a right to litigate in a public courthouse, a separate federal hearing before her license is confiscated by the government, a minimum of gossip and smear campaigns, fair treatment for her clients, respect for the disabled, and a speedy resolution of the hearing process, a trial schedule with specified dates, and above all the Washington State Supreme Court's involvement.  This is the consideration Little demands for giving up her first amendment right of free association.

THE HONORABLE JUDGE GARR KING

# COUNT SEVEN
# FALSE REPRESENTATION, MISREPRESENTATION
# AND INJURIOUS FALSEHOOD

95.   Plaintiff herein incorporates by reference and reallege each and every allegation set forth in paragraphs 1-95 above, as if set forth herein in full.

96.   "False representation of a material fact, made for the purpose of inducing another to part with his property and with the intent to deprive him of his property, is inconsistent with any open and avowed claim of title preferred in good faith." Baertschi v. Jordan, 68 Wn.2d 478 (1966).

97.  Misrepresentation is when "One who, in the course of his business, profession or employment ... supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in

THE HONORABLE JUDGE GARR KING

obtaining or communicating the information. Havens v. C & D Plastics, Inc., et al, 124 Wn.2d 158 (1994)

98.    Injurious falsehood is subject to liability is restricted to a) the pecuniary loss that results directly and immediately from the effect of the conduct of third persons, including impairment of vendibility or value caused by disparagement, and (b) the expense of measures reasonably necessary to counteract the publication, including litigation to remove the doubt cast upon vendibility or value by disparagement. Dunning v. Paccerelli, 63 Wn. App. 232 (1991).

99.    Little relies on the facts and circumstances in every paragraph of this complaint for damages.  And adds that the State published false allegations on its website, her suspension, and her disbarment when it knew that the grievant's reputation for truth and veracity had been questioned by other government agencies.

THE HONORABLE JUDGE GARR KING

# COUNT EIGHT
# CONVERSION

100.  Plaintiff herein incorporates by reference and reallege each and every allegation set forth in paragraphs 1-99 above, as if set forth herein in full.

101.  A conversion is the act of willfully interfering with any chattel, without lawful justification, whereby any person entitled thereto is deprived of the possession.   *Judkins v. Sadler-MacNeil*, 61 Wn.2d 1 (1962).

102.  The State took Little's law license without lawful justification and the jurisdictional prerequisites and without due process.

# COUNT NINE
# FOURTH AMENDMENT RIGHT
# AGAINST SEARCH AND SEIZURE

103.  Plaintiff herein incorporates by reference and reallege each and every allegation set forth in paragraphs 1-86 above, as if set forth herein in full

THE HONORABLE JUDGE GARR KING

104. The Bar Association violated Little's Fourth Amendment right, Art I Section right prohibition and common law right against warrantless searches without probable cause. The Bar Association opened up an investigation in its own name without presenting probable cause to do so. It searched Little's records at will for 3 years. *State v. Johnson*, 128 Wash.2d 431(1996). See also, *State v. Boland*, 115 Wn.2d 571 (1990). *See also* Const. art I § 7.

## COUNT TEN
## VIOLATION OF PRIVACY
## WASH CONST. ART, I § 7.

105. Plaintiff herein incorporates by reference and reallege each and every allegation set forth in paragraphs 1-104 above, as if set forth herein in full.

106. The State of Washington violated Little's right of privacy by forcing her to produce records unrelated to the original complaint without a warrant or probable cause. The Bar Association also violated Little's right to privacy when it faxed the copy of the Complaint to

CIVIL RIGHTS COMPLAINT FOR DAMAGES AND JURY DEMAND - 48

anyone who inquired about her.  Three lawyers called and offered their sympathies.  A colleague called the Bar to asked what happened to Little when he was unable to reach her.  Randy Beitel asked him for his address and a few days later he received the complaint but not Little's answer.  See *State v. Boland*, 115 Wn.2d 571 (1990). *See* Wash Const. art I § 7.

108. Beitel also called her clients expressed to that Little was incompetent and invaded her privacy by asking personal information. Brandeis became a Supreme Court justice, and later wrote a famous dissenting opinion that placed privacy at the very heart of the Constitution. Beitel invaded every aspect of Little's private life including fostering a relationship with her ex-husband to gather personal information about her.

109.  "The makers of our Constitution...sought to protect Americans in their beliefs, their thoughts, their emotions and their sensations," he stated in *Olmstead v. United States* (1928). "They conferred as against the Government, the right to be let alone – the most comprehensive of the rights of man and the right most valued by civilized men."

THE HONORABLE JUDGE GARR KING

# COUNT ELEVEN
# VIOLATION OF FOURTEENTH AMENDMENT

110. Plaintiff herein incorporates by reference and reallege each and every allegation set forth in paragraphs 1-92 above, as if set forth herein in full.

111. The State of Washington tried Little in absentia because it refused to grant her a continuance. It failed to give her a meaningful opportunity to be heard. If fail to provide a fair, neutral, unbiased hearing officer.  Instead of an article III court, Little received a hearing officer whose website boasted that his area of specialty was personal injury cases only, he did nothing else.

# COUNT TWELVE
# HOSTILE WORKING ENVIRONMENT

112. Plaintiff herein incorporates by reference and reallege each and every allegation set forth in paragraphs 1-111 above, as if set forth herein in full.

THE HONORABLE JUDGE GARR KING

113.  The State of Washington created a hostile working environment by sending her certified letters that she had to sign daily. The hostile working environment in her business that was severe and pervasive that it alter the terms and conditions of Little's business environment.

114.  The State sent certified letters to her mother's home even though Little did not live there to harass her mother and demonstrate to Little that she was powerless to stop their attacks.

## COUNT THIRTEEN
## FAILURE TO ACCOMMODATE

115.  Plaintiff herein incorporates by reference and reallege each and every allegation set forth in paragraphs 1-114 above, as if set forth herein in full.

116.  The State of Washington failed to recognize a disability it helped create.  As her son, Harrison Murchison, said weekly "they cut off your air supply, mom."   Little has a claim for failure to reasonably accommodate her.   Little sent a claim to the Office of Financial management saying Randy Beitel's constant harassment was driving her

THE HONORABLE JUDGE GARR KING

at times to be suicidal and at times have homicidal impulses. The State failed to act to stop the harassment.

## COUNT FOURTEEN
## DENIAL OF EQUAL PROTECTION

117. Plaintiff herein incorporates by reference and reallege each and every allegation set forth in paragraphs 1-116 above, as if set forth herein in full.

118. Little has an equal protection claim. The Bar Association has only white triers of fact. ABA wrote: The State has a rule for appointing hearing officers "Considering whom to appoint as a Hearing Officer, the Board of Governors should consider diversity in gender, ethnicity, geography and practice experience. Rule 2.10 provides that the power to appoint these individuals includes the power to remove them and to fill any resulting vacancies."

119. Rules 2.3 and 2.5 provide for the appointment of Disciplinary Board members, Hearing Officers and the Chief Hearing Officer by the Board of Governors. The Board of Governors designates one lawyer member to serve as Chair of the Disciplinary Board and another to serve

THE HONORABLE JUDGE GARR KING

*In Re Wood,* 140 U.S. 278 (1891); *Gibson v. Mississippi,* 162 U.S. 565 (1896); *Bush v. Kentucky,* 107 U.S. 110 (1883); *Rogers v. Alabama,*192 U.S. 226 (1904); *Martin v. Texas,* 200 U.S. 316 (1906); *Norris v. Alabama,* 294 U.S. 587 (1935); *Hollins v. Oklahoma,* 295 U.S. 394 (1935); *Hale v. Kentucky,* 303 U.S. 613 (1938); *Pierre v. Louisiana,* 306 U.S. 354 (1939); *Smith v. Texas,* 311 U.S. 128 (1940); *Hill v. Texas,* 316 U.S. 400 (1942); *Akins v. Texas,* 325 U.S. 398 (1945); *Patton v. Mississippi,* 332 U.S. 463 (1947); *Brunson v. North Carolina,* 333 U.S. 851 (1948); *Cassell v. Texas,* 339 U.S. 282 (1950); *Ross v. Texas,* 341 U.S. 91 (1951); *Brown v. Allen,* 344 U.S. 443 (1953); *Avery v. Georgia,* 345 U.S. 559 (1953); *Hernandez v. Texas,* 347 U.S. 475, (1954); *Reece v. Georgia,* 350 U.S. 85 (1955); *Eubanks v. Louisiana,* 356 U.S. 584, 78 S.Ct. 970 (1958); *Coleman v. Alabama,* 84 S.Ct. 1152 (1964).

## COUNT FOURTEEN
## 42 U.S.C. SECTION 1981 CONTRACT CLAIM

121. Plaintiff herein incorporates by reference and reallege each and every allegation set forth in paragraphs 1-120 above, as if set forth herein in full.

CIVIL RIGHTS COMPLAINT FOR DAMAGES AND JURY DEMAND - 54

THE HONORABLE JUDGE GARR KING

122.  All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to the like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

123. Little alleges that WSBA has a pattern and history of racial discrimination against blacks including not allowing them to be part of the bar when it was originally formulated.  The WSBA also has a history of preventing blacks the right to "to make and enforce contracts."   It was in their capacity as state agents acting under the color of law the it interfered with Little's rights to make and enforce contracts."

124.  Little alleges that Seattle School District has a pattern and history of racial discrimination against blacks including having separate and unequal educational opportunities. Seattle School District also has a history of denial blacks the right to "to make and enforce contracts."   It

THE HONORABLE JUDGE GARR KING

was in their capacity as state agents acting under the color of law that it interfered with Little's rights to make and enforce contracts."

124. Little alleges that Clover Park School District has a pattern and history of racial discrimination against blacks including having separate and unequal educational opportunities. Clover Park School District also has a history of preventing blacks the right to "to make and enforce contracts." It was in their capacity as state agents acting under the color of law that it interfered with Little's rights to make and enforce contracts."

## COUNT FOURTEEN
## 42 U.S.C. SECTION 1983  CLAIM FOR DUE PROCESS VIOLATIONS
## LIBERTY INTEREST VIOLATION, A FIRST AMENDMENT VIOLATION,
## A FOURTH AMENDMENT VIOLATION AND A SEVENTH AMENDMENT VIOLATION, MALICIOUS PROSECUTION

125. Plaintiff herein incorporates by reference and reallege each and every allegation set forth in paragraphs 1-124 above, as if set forth herein in full.

CIVIL RIGHTS COMPLAINT FOR DAMAGES AND JURY DEMAND - 56

THE HONORABLE JUDGE GARR KING

126. Little alleges that the State denied her right to a jury trial under the Seventh Amendment.

127. As a result of their concerted unlawful and malicious conspiracy Little was deprived of both her liberty without due process of law and her right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983 and 1985. Little alleges that the State impermissible seized and searched her law firm's records without probable cause and without a warrant signed by a neutral and detached magistrate.

128. As a result of their concerted unlawful and malicious conspiracy Little was deprived of both her liberty interest in her reputation without due process of law and her right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983 and 1985. Little alleges defamation with stigma plus.

129. Acting under color of law and pursuant to official policy or custom, the supreme court in its knowingly and recklessly in its

CIVIL RIGHTS COMPLAINT FOR DAMAGES AND JURY DEMAND - 57

THE HONORABLE JUDGE GARR KING

administrative capacity failed to  to instruct, supervise, control, and discipline WSBA on a continuing basis.

130. The State instituted malicious prosecution criminal process against the plaintiff with malice. The State and the two municipal corporations maliciously used a legal process to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employees.

## COUNT FIFTEEN
## INTENTIONAL INFLICTION OF
## EMOTIONAL DISTRESS

131. Plaintiff herein incorporates by reference and reallege each and every allegation set forth in paragraphs 1-130 above, as if set forth herein in full.

132. The State and the municipal corporations intentionally and deliberately inflicted emotional distress on Little maliciously prosecuting or assisting in prosecuting Little, or by abusing the lawful process for unlawful purpose and by violating Little's constitutional rights, and by conspiring against Little and  or by interfering with Little's

THE HONORABLE JUDGE GARR KING

state and federal civil rights by threats, coercion, or intimidation, or knew or should have known that emotional distress was the likely result of their conduct.

# REQUEST FOR RELIEF

WHEREAS, Plaintiff requests for judgment against and each of them as follows:

1.   For general damages in a sum which will be shown according to proof;

2.   For medical expenses and other incidental expenses according to proof;

3.   For costs of suit incurred.

4.   For declaratory and injunctive relief;

5.   For punitive damages;

6.   For such further relief as the Court deems just and proper.

THE HONORABLE JUDGE GARR KING

1    Respectfully submitted on this 19th day of September, 2011.

2

3

4

5                    Brenda J. Little, Pro Se
6                    brendalaw@me.com
7                    206 329-5779

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CIVIL RIGHTS COMPLAINT FOR DAMAGES AND JURY DEMAND - 60