1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRENDA JOYCE LITTLE,

                Plaintiff,

          v.

THE STATE OF WASHINGTON, et
al.,

                Defendants.

CASE NO. C11-1387JLR

ORDER GRANTING
DEFENDANTS' MOTIONS TO
DISMISS AND DENYING
PLAINTIFF'S CROSS MOTIONS

## I.   INTRODUCTION

*Pro se* Plaintiff Brenda Little[1] filed an 18 count complaint against Defendants
State of Washington ("the State"), Washington State Bar Association ("the WSBA"),
Seattle School District No. 1 ("the Seattle School District"), and Clover Park School
District.  (Compl. (Dkt. # 16).)  Each defendant filed a motion to dismiss pursuant to

_____

[1] The caption of Ms. Little's complaint identifies her as "an attorney on leave."  (Compl.
(Dkt. # 16) at 1.)

ORDER- 1

1   Federal Rule of Civil Procedure 12(b)(6).  (*See* Dkt. ## 20, 22, 24, 27.)  Ms. Little then

2   moved to voluntarily dismiss the State with prejudice (Dkt. # 32), which the court granted

3   (Order (Dkt. # 14)).  Ms. Little also filed cross motions pursuant to Federal Rule of Civil

4   Procedure 11 to dismiss the WSBA's, Seattle School District's, and Clover Park School

5   District's motions to dismiss.  (*See* Dkt. ## 33, 34, 36.)  Defendants' motions to dismiss

6   and Ms. Little's cross motions are now before the court.  Having considered the

7   submissions of the parties, the balance of the record, and the governing law, and having

8   determined oral argument unnecessary, the court GRANTS the WSBA's, Seattle School

9   District's, and Clover Park School District's motions to dismiss (Dkt. ## 20, 22, 27), and

10  DENIES Ms. Little's cross motions (Dkt. ## 33, 34, 36).  The court DISMISSES

11  WITHOUT PREJUDICE Ms. Little's complaint and GRANTS her leave to file an

12  amended complaint within 30 days of entry of this order.

13                          **II.      BACKGROUND**

14          Earlier this year, Ms. Little filed a lawsuit against the State of Washington, the

15  WSBA, the Seattle School District, the Clover Park School District, and other defendants,

16  alleging that the defendants violated her rights under the Thirteenth Amendment.  (*See*

17  Cause No. 11-0091GMK Compl. (Dkt. # 6).)  The court dismissed the complaint for

18  failure to state a claim upon which relied can be granted, and gave Ms. Little leave to file

19  an amended complaint.  (Cause No. 11-0091GMK Opinion and Order (Dkt. # 18).)

20  Rather than amending her complaint, Ms. Little voluntarily dismissed that lawsuit.

21  (Cause No. 11-0091GMK Order of Dismissal (Dkt. # 21).)

22

ORDER- 2

1    Now Ms. Little brings a complaint against the Defendants alleging 18 different

2    causes of action.  (*See generally* Compl.)  Four of those causes of action—Count VIII for

3    conversion, Count XI for violation of the Fourteenth Amendment, Count XII for hostile

4    work environment, and Count XIII for failure to accommodate—were brought solely

5    against the State and have now been dismissed with prejudice.  The remaining fourteen

6    causes of action are: (1) civil conspiracy against all Defendants; (2) fraud against the

7    WSBA; (3) burglary against the Seattle School District and the WSBA; (4) attempted

8    assault against the WSBA; (5) tortious interference against all Defendants; (6) violation

9    of the Washington State Consumer Protection Act ("CPA"), RCW 19.86, *et seq.*, against

10   all Defendants; (7) breach of fiduciary duty and contract against the WSBA; (8) false

11   representation, misrepresentation, and injurious falsehood against all Defendants; (9)

12   violation of the Fourth Amendment of the United States Constitution against the WSBA;

13   (10) violation of privacy under the Washington State Constitution against the WSBA;

14   (11) denial of equal protection against the WSBA; (12) 42 U.S.C. § 1981 contract claim

15   against all Defendants; (13) violation of 42 U.S.C. § 1983 against the Seattle School

16   District and the Clover Park School District; and (14) intentional infliction of emotional

17   distress against the Seattle School District and the Clover Park School District.  (*See*

18   *generally* Compl.)

19                              **III.    ANALYSIS**

20   **A. Defendants' Motions to Dismiss**

21        Defendants move to dismiss all of Ms. Little's claims under Federal Rule of Civil

22   Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  (*See*

Dkt. ## 20, 22, 27.)  When considering a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6), the court construes the complaint in the light most favorable to the

non-moving party.  *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946

(9th Cir. 2005).  The court must accept all well-pleaded allegations of material fact as

true and draw all reasonable inferences in favor of the plaintiff.  *See Wyler Summit P'ship*

*v. Turner Broad. Sys.*, 135 F.3d 658, 661 (9th Cir. 1998).  The court, however, need not

accept as true a legal conclusion presented as a factual allegation.  *Ashcroft v. Iqbal*, 129

S. Ct. 1937, 1949-50 (2009).

Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal

theory or the absence of sufficient facts alleged under a cognizable legal theory.

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  "To survive a

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'"  *Iqbal*, 129 S. Ct. at 1949 (quoting

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Telesaurus VPC, LLC v.*

*Power*, 623 F.3d 998, 1003 (9th Cir. 2010).  "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.  "A

pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of

a cause of action will not do.' . . .  Nor does a complaint suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at

555).

ORDER- 4

1    The court has carefully reviewed Ms. Little's complaint and has determined that

2    each of her causes of action fail to state a claim upon which relief may be granted.  Ms.

3    Little's complaint is inadequate because (1) many counts are supported only by

4    conclusory allegations that do not satisfy the pleading requirements set forth in *Iqbal*; and

5    (2) other counts are supported by allegations that are so confusing that they do not satisfy

6    Federal Rule of Civil Procedure 8(a)(2)'s requirement that a complaint contain a "*short*

7    *and plain* statement of the claim showing that the pleader is entitled to relief."  Fed. R.

8    Civ. P. 8(a)(2) (emphasis added).  The court discusses below why each count is deficient

9    and therefore must be dismissed.  The court, however, grants Ms. Little leave to file an

10   amended complaint within 30 days of entry of this order.

11       **Count I – Civil Conspiracy:**  Ms. Little alleges that Defendants entered into a

12   conspiracy (Compl. ¶ 13), but does not allege specific factual allegations in support of

13   this conclusion as required by *Iqbal*.

14       **Count II – Fraud:**  The court is unable to understand the nature of Ms. Little's

15   fraud claim against the WSBA.  (*See* Compl. ¶¶ 16-25.)  Ms. Little makes allegations

16   regarding alleged misrepresentations on the WSBA's website, alleges that the WSBA

17   improperly operated as an Article III court, and alleges that the WSBA knew or should

18   have known that having "attorney general involvement violated the principals of

19   separation of powers."  (*Id.* ¶¶ 16-19.)  Ms. Little makes further allegations regarding a

20   "constitutional conflict of interest" that "hastened Little's disbarment proceedings."  (*Id.*

21   ¶ 20.)  The complaint contains additional allegations related to Ms. Little's disbarment,

22   but they do not appear to support a theory of fraud.  (*See id.* ¶¶ 23-25.)  Because the court

1 cannot understand Ms. Little's fraud allegations, the complaint does not contain a "short

2 and plain statement" showing that she is entitled to relief as required by Federal Rule of

3 Civil Procedure 8(a)(2).

4    **Count III – Burglary:**  Ms. Little alleges that (1) she discovered that someone

5 had broken into her car, removed everything from the glove box, and stacked it neatly on

6 the passenger seat; (2) she was afraid that a bomb or tracking device has been placed in

7 the car; and (3) her "mind immediately came to Seattle School District" and that she also

8 suspected the WSBA.  (Compl. ¶¶ 28-32.)  These allegations do not create a reasonable

9 inference that the Seattle School District or the WSBA were liable for the alleged

10 misconduct.  *See Iqbal*, 129 S. Ct. at 1949.

11    **Count III[2] – Attempted Assault:**  Ms. Little alleges that shortly after the WSBA

12 voted to disbar her, two different men followed her home on two different occasions.

13 (Compl. ¶¶ 35-36.)  Such allegations are far from sufficient to state a claim for attempted

14 assault against the WSBA.

15    **Count IV – Tortious Interference:**  Ms. Little alleges that Defendants and other

16 entities and individuals "conspired to tortuously interfere[] with Little's contractual

17 relation" with certain of her clients when she was an attorney.  (Compl. ¶¶ 39, 49, 52, 63,

18 64, 76, 77.)  She alleges further that "Clover Park School District played games from the

19 beginning" and also filed a motion for summary judgment in a lawsuit that was filed

20 against it by Ms. Little's client.  (*Id.* ¶¶ 42-43.)  These conclusory allegations, without

21

22    _____

     [2] There are two Count IIIs.

1    more, do not state a claim that any Defendant tortuously interfered with Ms. Little's

2    contractual relationship with her clients. *See Iqbal*, 129 S. Ct. at 1949; *see also Cornish*

3    *Coll. of the Arts v. 1000 Virginia Ltd. P'ship*, 242 P.3d 1, 13 (Wash. Ct. App. 2010)

4    ("Exercising one's legal interests in good faith is not improper interference," as required

5    to establish tortuous interference.).

6         **Count V – Violation of the CPA:**  Ms. Little does not make any specific factual

7    allegations related to this claim and instead "relies upon the facts delineated in Count

8    Four." (Compl. ¶ 85.)  Count IV, however, does not contain specific factual allegations

9    sufficient to state a cause of action for violation of the CPA.

10         **Count VI – Breach of Fiduciary Duty and Contract:**  Ms. Little alleges that the

11    WSBA created a fiduciary relationship when it made membership in its organization

12    mandatory and that the WSBA owes her consideration for the loss of her First

13    Amendment right to freedom of association when it "impermissibly confiscate[ed]

14    Little's law license." (Compl. ¶¶ 87, 89.)  Ms. Little then goes on to allege, "Attorneys

15    may have a fiduciary duty to nonplaintiff in order to establish this fiduciary duty with

16    Little." (*Id.* ¶ 88.)  This sentence makes no sense.  She next discusses the six-part test for

17    when an attorney owes a duty to a nonclient, as set forth in *Trask v. Butler*, 872 P.2d

18    1080, 1084 (Wash. 1994).  Even reading the complaint in the light most favorable to Ms.

19    Little, the court cannot understand her claim for breach of fiduciary duty against the

20    WSBA, nor does it grasp the relevance of the six-part test explained in *Trask*.  Further,

21    the court cannot determine the contract which Ms. Little alleges was breached.  As such,

22    her allegations do not satisfy the pleading requirements of Rule 8.

1      **Count VII – False Representation, Misrepresentation, and Injurious**

2   **Falsehood:**  Ms. Little sets forth the elements of these causes of action in her complaint

3   and then states that she "relies on the facts and circumstances in every paragraph of this

4   complaint for damages."  (Compl. ¶¶ 96-99.)  The complaint, however, lacks factual

5   allegations against each Defendant that satisfies the elements of these causes of action,

6   and therefore does not state a claim upon which relief may be granted.

7      **Count IX – Fourth Amendment Right Against Search and Seizure:**  Ms. Little

8   alleges that the WSBA violated her rights under the Fourth Amendment by opening up an

9   investigation without probable cause to do so.  (Compl. ¶ 104.)  This bare assertion,

10  without more, does not satisfy the requirements of Rule 8 or *Iqbal*.

11     **Count X – Violation of Privacy Under the Washington Constitution:**  Ms.

12  Little alleges that the WSBA violated her "right to privacy when it faxed a copy of the

13  Complaint to anyone who inquired about her."  (Compl. ¶ 107.)  Ms. Little also alleges

14  that Randy Beitel called her clients and expressed that Ms. Little was incompetent and

15  invaded her privacy by asking personal information.  (*Id.* ¶ 108.)  The court, however,

16  cannot discern which "Complaint" Ms. Little refers to or who Ms. Beitel is and how the

17  WSBA would be responsible for his alleged actions.  Such allegations do not create a

18  reasonable inference with the WSBA violated her privacy.  *See Iqbal*, 129 S. Ct. at 1949.

19     **Count XIV – Denial of Equal Protection:**  Ms. Little brings her equal protection

20  claim against the WSBA because the WSBA "has only white triers of fact."  (Compl. ¶

21  118.)  Although there are additional factual allegations in the section, they are not

22  relevant to establishing an equal protection claim against the WSBA.  The allegation that

1  the WSBA "has only white triers of fact" is not sufficient to state a claim for the denial of

2  equal protection.

3       **Count XIV[3] – 42 U.S.C. § 1981 Contract Claim:**  Ms. Little alleges that

4  Defendants have a history of racial discrimination and a history of preventing African

5  Americans the right to make and enforce contracts, and that Defendants interfered with

6  Ms. Little's rights to make and enforce contracts.  (Compl. ¶¶ 123-124.)  These

7  allegations merely recite some of the elements of the cause of action, and is therefore

8  insufficient to survive Rule 12(b)(6) motion to dismiss under *Iqbal*.

9       **Count XIV – 42 U.S.C. § 1983:**  In the third Count XIV, Ms. Little alleges, "The

10  State and the two municipal corporations maliciously used a legal process to accomplish

11  some ulterior purpose for which it was not designated or intended, or which was not the

12  legitimate purpose of the particular process employees."  (Compl. ¶ 130.)  Assuming that

13  the "two municipal corporations" referred to in Count XIV are meant to refer to the

14  Seattle School District and the Clover Park School District, such an allegation is

15  insufficient to state a cause of action for violation of 42 U.S.C. § 1983.  *See Iqbal*, 129 S.

16  Ct. at 1949.

17       **Count XV – Intentional Infliction of Emotional Distress:**  Ms. Little alleges

18  that the Seattle School District and the Clover Park School District "intentionally and

19  deliberately inflicted emotional distress" on Ms. Little by assisting in prosecuting Little,

20  by abusing the lawful process for unlawful purpose, by violating Ms. Little's

21

22        [3] There are three Count XIVs in Ms. Little's complaint.

1   constitutional rights, by conspiring against Ms. Little, and/or by interfering with Ms.

2   Little's state and federal civil rights by threats, coercion, or intimidation.  (Compl. ¶ 132.)

3   These conclusory allegations are insufficient to state a cause of action under *Iqbal*.

4   **B.  Ms. Little's Cross Motions Pursuant to Rule 11**

5        In response to Defendants' motions to dismiss, Ms. Little filed three cross motions

6   pursuant to Federal Rule of Civil Procedure 11 to dismiss with prejudice each

7   Defendants' motion to dismiss.  (Dkt. ## 33, 34, 36.)  Ms. Little's motions assert that

8   Defendants filed their motions to dismiss in order to harass her.  (Dkt. # 33-1 at 14; Dkt.

9   # 43-1 at 16; Dkt. # 36-1 at 14.)  The court concludes, however, that Defendants' motions

10   to dismiss satisfy the requirements set forth in Federal Rule of Civil Procedure 11(a) and

11   (b) and were not intended to harass Ms. Little.  As such, Ms. Little is not entitled to

12   sanctions under Federal Rule of Civil Procedure 11(c), and the court denies her cross

13   motions.

14   \\

15   \\

16   \\

17   \\

18   \\

19   \\

20   \\

21   \\

22   \\

1

## IV.   CONCLUSION

2        For the reasons set forth above, the court GRANTS Defendants' motions to

3  dismiss (Dkt. ## 20, 22, 27), and DENIES Ms. Little's cross motions (Dkt. ## 33, 34,

4  36).  The court DISMISSES WITHOUT PREJUDICE Ms. Little's complaint and

5  GRANTS her 30 days from entry of this order to file an amended complaint that

6  complies with Federal Rule of Civil Procedure 8 and the Supreme Court's pleading

7  standards as set forth in *Iqbal*, 129 S. Ct. at 1949.

8        Dated this 23rd day of November, 2011.

9

10

11

                                                             JAMES L. ROBART
                                                             United States District Judge

12

13

14

15

16

17

18

19

20

21

22

ORDER- 11