1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

BRENDA JOYCE LITTLE,

11                          Plaintiff,

12              v.

13    THE STATE OF WASHINGTON, et
al.,

14

                         Defendants.

15

CASE NO. C11-1387JLR

ORDER GRANTING MOTIONS
TO DISMISS

## I.      INTRODUCTION

16

This matter comes before the court on Defendants Washington State Bar

17

Association's ("the WSBA"), Seattle School District No. 1's ("the Seattle School

18

District"), Clover Park School District's ("Clover Park") and Kenneth Muscatel's

19

motions to dismiss *pro se* Plaintiff Brenda Little's first amended complaint (Dkt. ## 66,

20

67, 68, 72).  Ms. Little filed a single response to the four motions to dismiss (Dkt. # 73).

21

Having considered the submissions of the parties, the balance of the record, and the

22

ORDER- 1

1 | governing law, and no party having requested oral argument, the court GRANTS the

2 | motions to dismiss (Dkt. ## 66, 67, 68, 72) and DISMISSES this action WITH

3 | PREJUDICE.

4 | **II.     BACKGROUND**

5 | In 2011, Ms. Little filed a lawsuit in the United States District Court for the

6 | Western District of Washington against the State of Washington, the WSBA, the Seattle

7 | School District, Clover Park, and other defendants, alleging that the defendants violated

8 | her rights under the Thirteenth Amendment.  (*See* Cause No. 11-0091GMK Compl. (Dkt.

9 | # 6).)  The court dismissed the complaint for failure to state a claim upon which relief

10 | could be granted, and gave Ms. Little leave to file an amended complaint.  (Cause No.

11 | 11-0091GMK Opinion and Order (Dkt. # 18).)  Rather than amending her complaint, Ms.

12 | Little voluntarily dismissed that lawsuit.  (Cause No. 11-0091GMK Order of Dismissal

13 | (Dkt. # 21).)

14 | Ms. Little then filed a second lawsuit in this court against the State of Washington,

15 | the WSBA, the Seattle School District, and Clover Park alleging 18 different causes of

16 | action.  (*See generally* Compl. (Dkt. # 16).)  On Ms. Little's motion, the court dismissed

17 | the State with prejudice.  (*See* Dkt. ## 32, 42.)  The remaining defendants then moved to

18 | dismiss Ms. Little's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (*See*

19 | Dkt. ## 20, 22, 24, 27.)  The court granted the motions to dismiss because (1) many

20 | counts were supported only by conclusory allegations that did not satisfy the pleading

21 | requirements set forth in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); and (2) other counts

22 | were supported by allegations that were so confusing that they did not satisfy Federal

ORDER- 2

1  Rule of Civil Procedure 8(a)(2)'s requirement that a complaint contain a "*short and plain*

2  statement of the claim showing that the pleader is entitled to relief,*" Fed. R. Civ. P.

3  8(a)(2) (emphasis added).  (Order (Dkt. # 48) at 5.)  The court, nevertheless, granted Ms.

4  Little leave to file an amended complaint.  (*Id.*)

5       Ms. Little timely filed her amended complaint, which adds Dr. Muscatel as a

6  defendant and alleges the following causes of action:  (1) civil conspiracy against all

7  Defendants; (2) tortious interference and interference with a business relationship against

8  all Defendants; (3) intentional infliction of emotional distress against all Defendants; (4)

9  violation of 42 U.S.C. § 1981 against all Defendants; (5) "defamation stigma plus"

10  against all Defendants; and (6) three claims under 42 U.S.C. § 1983 against the WSBA

11  for violations of equal protection, disability discrimination, due process, First

12  Amendment freedom of speech, and Seventh Amendment due process.  (*See generally*

13  Am. Compl. (Dkt. # 51).)

14                    **III.   ANALYSIS**

15  **A.  Motions to Dismiss**

16       Defendants move to dismiss all of Ms. Little's claims under Federal Rule of Civil

17  Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  (*See*

18  Dkt. ## 66, 67, 68, 72.)  When considering a motion to dismiss under Rule 12(b)(6), the

19  court construes the complaint in the light most favorable to the non-moving party.  *Livid*

20  *Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).  The

21  court must accept all well-pleaded allegations of material fact as true and draw all

22  reasonable inferences in favor of the plaintiff.  *See Wyler Summit P'ship v. Turner Broad.*

1 | *Sys.*, 135 F.3d 658, 661 (9th Cir. 1998).  The court, however, need not accept as true a

2 | legal conclusion presented as a factual allegation.  *Iqbal*, 129 S. Ct. at 1949-50.

3 |   Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal

4 | theory or the absence of sufficient facts alleged under a cognizable legal theory.

5 | *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  "To survive a

6 | motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to

7 | 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 129 S. Ct. at 1949 (quoting

8 | *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Telesaurus VPC, LLC v.*

9 | *Power*, 623 F.3d 998, 1003 (9th Cir. 2010).  "A claim has facial plausibility when the

10 | plaintiff pleads factual content that allows the court to draw the reasonable inference that

11 | the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.  "A

12 | pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of

13 | a cause of action will not do.' . . .  Nor does a complaint suffice if it tenders 'naked

14 | assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at

15 | 555).

16 |   As with Ms. Little's original complaint, the court has carefully reviewed Ms.

17 | Little's amended complaint to determine whether it cures the previous deficiencies.  The

18 | court concludes that it does not.  First, the amended complaint fails to contain the

19 | required "short and plain statement of the claim showing that the pleader is entitled to

20 | relief."  Fed. R. Civ. P. 8(a)(2).  Most counts of the amended complaint incorporate by

21 | reference the preceding 90 paragraphs of allegations and then baldly recite the elements

22 | of the cause of action.  Ms. Little fails to indicate which of the numerous facts previously

ORDER- 4

1   alleged give rise to the particular cause of action listed in each count.  (*See, e.g.*, Am.

2   Compl. ¶¶ 93-94.)  The court does not consider this style of pleading to comply with Rule

3   8(a)'s requirement of a "short and plain statement."  Nevertheless, the court has

4   endeavored to match the allegations in the amended complaint with the alleged causes of

5   action.  Even assuming that the amended complaint complies with Rule 8(a), however,

6   the court finds that the amended complaint fails to allege sufficient facts to establish that

7   Defendants are liable for the alleged violations.  A brief discussion of the shortcomings

8   of each count of the amended complaint follows.

9        **Count One – Civil Conspiracy:**  Like the original complaint, the amended

10  complaint does not contain specific factual allegations from which the court could

11  conclude that Defendants entered into a civil conspiracy.  *See Iqbal*, 129 S. Ct. at 1949.

12       **Counts Two and Three – Tortious Interference and Interference with a**

13  **Business Relationship:**  The amended complaint fails to allege specific acts by

14  Defendants that interfered with Ms. Little's business relationships.  For example, the

15  conclusory allegation that "Clover Park School District and the Washington State Bar

16  Association began ex parte discussions to interfere with Brenda's contractual relationship

17  with Mack Litton" (Am. Compl. ¶ 50), without further factual enhancement, does not

18  comply with the pleading standard set forth in *Iqbal*, 129 S. Ct. at 1949.  *See also*

19  *Cornish Coll. of the Arts v. 1000 Virginia Ltd. P'ship*, 242 P.3d 1, 13 (Wash. Ct. App.

20  2010) ("Exercising one's legal interests in good faith is not improper interference," as

21  required to establish tortuous interference.).  The amended complaint, moreover, does not

22

ORDER- 5

1  allege that any intentional or negligent interference caused a breach or termination of Ms.

2  Little's relationship with Mr. Litton.

3      **Count Three[1] – Intentional Infliction of Emotional Distress:**  The amended

4  complaint does not contain allegations of conduct that was "*so outrageous in character,*

5  *and so extreme in degree, as to go beyond all possible bounds of decency, and to be*

6  *regarded as atrocious, and utterly intolerable in a civilized community.*"  *Robel v.*

7  *Roundup Corp.*, 59 P.3d 611, 619 (Wash. 2002) (internal citation omitted and emphasis

8  in original).  Here, the court finds that Ms. Little's amended complaint fails to allege any

9  fact that even if true are so outrageous as to amount to intentional infliction of emotional

10  distress.

11      **Count Four – Violation of 42 U.S.C. § 1981:**  The amended complaint fails to

12  allege facts giving rise to any Defendant's liability under this provision.  *See Iqbal*, 129

13  S. Ct. at 1949.

14      **Count Five – Defamation Stigma Plus:**  The amended complaint does not state a

15  claim for "defamation stigma plus" (*id.* ¶¶ 102-03) because it does not allege that

16  Defendants disclosed a stigmatizing statement or that any such disclosure denied Ms.

17  Little some more tangible interest, such as employment.  *See Wenger v. Monroe*, 282

18  F.3d 1068, 1074 (9th Cir. 2002) (setting forth the elements of a "stigma plus" due process

19  claim).

20

21

------

22      [1] Two counts in the amended complaint are labeled "Count Three."

1    **Counts Six, Six,[2] and Seven – 42 U.S.C. § 1983 Claims:** The amended

2    complaint alleges three counts against the WSBA under 42 U.S.C. § 1983 for violations

3    of equal protection, disability discrimination, due process, First Amendment freedom of

4    speech, and Seventh Amendment due process.  (Am. Compl. ¶¶ 104-12.)  In support of

5    the first "Count Six," the amended complaint alleges:  "Washington Bar Association

6    intentionally hired primarily white males [sic] triers of fact, tried Little in abstentia,

7    refused to allow her to hire a lawyer, did not appoint a lawyer for disability petition."  (*Id.*

8    ¶ 107.)  Neither these specific allegations nor any other allegation in the amended

9    complaint is sufficient to state a claim under 42 U.S.C. § 1983.  First, as noted in the

10    court's order granting Defendants' motions to dismiss Ms. Little's original complaint, the

11    allegation that the WSBA has only white triers of fact is not sufficient to state a claim for

12    the denial of equal protection.  Second, the allegation that the WSBA "tried Little in

13    abstentia" does not state a claim because the Washington State Court Rules for

14    Enforcement of Lawyer Conduct ("ELC") do not prohibit the WSBA from holding a

15    disciplinary hearing when a respondent fails to appear after being properly notified.  *See*

16    ELC 10.13 (requiring respondents to attend disciplinary hearings and setting forth

17    inferences that hearing officers may draw from a respondent's absence).  Moreover, the

18    allegations that the WSBA refused to allow Ms. Little to hire a lawyer and that it would

19    not appoint a lawyer for Ms. Little's disability petition are inconsistent with more specific

20

21    _____

22    [2] Two counts in the amended complaint are labeled "Count Six."

1  allegations in the complaint that Ms. Little had a pro bono attorney and that the WSBA

2  also appointed an attorney for her disability petition.  (*See* Am. Compl. ¶¶ 76-84.)

3  **B.  Leave to Amend**

4       Defendants argue that the court should deny any request for leave to amend and

5  dismiss Ms. Little's amended complaint with prejudice.  Under Federal Rule of Civil

6  Procedure 15(a)(2), courts are instructed to "freely give leave [to amend] when justice so

7  requires."  Fed. R. Civ. P. 15(a)(2).  The court, however, may exercise its discretion to

8  deny leave to amend "due to 'undue delay, bad faith or dilatory motive on the part of the

9  movant, repeated failure to cure deficiencies by amendments previously allowed, undue

10 prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of

11 amendment.'"  *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir.

12 2008) (quoting *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir.

13 2008)).  "[W]here the plaintiff has previously been granted leave to amend and has

14 subsequently failed to add the requisite particularity to its claims, '[t]he district court's

15 discretion to deny leave to amend is particularly broad.'"  *Id.* (quoting *Read-Rite Corp.*

16 *Sec. Litig.*, 335 F.3d 843, 845 (9th Cir. 2003)).  Here, Ms. Little has been granted

17 numerous attempts to amend her complaint, and yet the most recent version does not

18 correct the previously noted deficiencies.  Accordingly, the court finds it appropriate to

19 deny Ms. Little leave to amend and dismiss this action with prejudice.  *See Zucco*

20 *Partners*, 552 F.3d at 1007.

21

22

ORDER- 8

1

## IV.   CONCLUSION

2           For the foregoing reasons, the court GRANTS Defendants' motions to dismiss

3   (Dkt. ## 66, 67, 68, 72), and DISMISSES this action WITH PREJUDICE.

4           Dated this 3rd day of April, 2012.

5

6

7   _____

JAMES L. ROBART

8   United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER- 9